IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TODD,

    Petitioner,                               No. 2:12-cv-1313 CKD

    vs.

STATE OF CALIFORNIA, et al.,

    Respondents.                          <u>ORDER DISMISSING PETITION</u>

_____/

        Petitioner proceeds pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and the parties have consented to jurisdiction by a United States Magistrate Judge.

        Respondent has moved to dismiss the petition on the ground that petitioner failed to exhaust state court remedies with respect to any of the claims presented. (Dkt. No. 11.) Petitioner opposes the motion (Dkt. No. 12) and has additionally filed a motion requesting that this case be administratively stayed while he awaits a decision from the California Supreme Court (Dkt. No. 14).

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

1

1 be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3)[1]  Although non-exhaustion
2 of state court remedies has been viewed as an affirmative defense, it is the petitioner's burden to
3 prove that state court remedies were properly exhausted.  Darr v. Burford, 339 U.S. 200, 218-19
4 (1950), overruled in part on other grounds by Fay v. Noia, 372 U.S. 391 (1963); see also
5 Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

6        A petitioner satisfies the exhaustion requirement by providing the highest state
7 court with a full and fair opportunity to consider all claims before presenting them to the federal
8 court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086
9 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).  This rule requires state prisoners to "give the state
10 courts one full opportunity to resolve any constitutional issues by invoking one complete round
11 of the State's established appellate review process," including discretionary review to the state
12 supreme court if that is the state's practice."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).
13 Thus, in California, a claim must be presented to the California Supreme Court.  James v. Giles,
14 221 F.3d 1074, 1077 n.3 (9th Cir. 2000).

15        Upon review of this matter, the court finds that petitioner failed to exhaust state
16 court remedies by fairly presenting any of his claims presented in the federal petition to the
17 California Supreme Court prior to filing this federal action.  The United States Supreme Court
18 has held that, under such circumstances, the federal petition should be dismissed.  Castille v.
19 Peoples, 489 U.S. 346, 349 (1989) ("[The] habeas petition should have been dismissed if state
20 remedies had not been exhausted as to any of the federal claims.") (citing Rose v. Lundy, 455
21 U.S. 509 (1982)); see also Coleman v. Thompson, 501 U.S. 722, 731 (1991) ("This Court has
22 long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has
23 not exhausted available state remedies as to any of his federal claims.").
24 \\\\\

---

26    [1] Regardless, a petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

Petitioner moves the court to stay his petition rather than dismiss it so that he will not have to re-file the same paperwork following exhaustion. (Dkt. No. 14 at 2.) While a district court has discretion to hold a mixed petition (one with both exhausted and unexhausted claims) in abeyance pending exhaustion of the unexhausted claims (see Rhines v. Weber, 544 U.S. 269 (2005)), there is no such discretion with regard to a petition containing only unexhausted claims. The Ninth Circuit has explicitly declined to extend the rule allowing stay and abeyance for exhaustion "to the situation where the original habeas petition contained only unexhausted claims[.]" Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). This is so even if there were exhausted claims that the petitioner could have included with the unexhausted ones (Id.), and even if all the claims are exhausted after the petition is filed but prior to the time of dismissal (see Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001)). As explained in Jiminez,

> The Supreme Court has stated that section 2254(b) "provides a simple and clear instruction to potential litigants" before you bring any claims to federal court, be sure that you first have taken each one to state court." Rose v. Lundy, 455 U.S. 509, 520, 102 S.Ct. 1198, 71 L.ED.2d 379 (1982); see 28 U.S.C. § 2254(b)(1)(A) (Supp.II 1996). Once [respondent] moved for dismissal, the district court was "obliged to dismiss immediately," as the petition contained no exhausted claims. Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir. 1997).

Jiminez v. Rice, 276 F.3d at 481.

Since petitioner failed to exhaust state court remedies by fairly presenting any of the claims in his federal petition to the California Supreme Court prior to filing this federal action, the petition must be dismissed without prejudice.[2]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (Dkt. No. 11) is GRANTED;

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1        2.  Petitioner's motion to stay (Dkt. No. 14) is DENIED;

2        3.  The petition for writ of habeas corpus is dismissed without prejudice for failure

3  to exhaust available state court remedies (Dkt. No. 1); and

4        4.  The clerk is directed to close this case.

Dated: October 31, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
todd1313.103